IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THE ESTATE OF HEZEKIAH HARVEY, Decedent, by and through his legal representative, ALICE ANN DENT, ADMINISTRATOR, <br><br>            Plaintiff<br><br>v.<br><br>ROANOKE CITY SHERIFF'S OFFICE, et al.<br><br>            Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 7:06cv603<br>)<br>) By:  Michael F. Urbanski<br>)      United States Magistrate Judge<br>) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's Objection to defendant's Notice to Take the Videotape Deposition of William Massello III, M.D. in Bismarck, North Dakota on September 28, 2007. The court construes plaintiff's objection as a Motion for Protective Order under Fed. R. Civ. P. 26(c) and a Motion to Compel production of certain documents concerning Dr. Massello. After oral argument and consideration of the briefs filed in this matter, plaintiff's Motion for Protective Order is **DENIED** and plaintiff's Motion to Compel is **GRANTED** as follows.

This case, brought by the Estate of Hezekiah Harvey against various officers of the Roanoke City Sheriff's Department, alleges a deprivation of Harvey's civil rights under 42 U.S.C. § 1983 resulting in his death while in custody on February 9, 2006 and seeks $30 million in damages. At the time of Harvey's death, Dr. Massello was the Medical Examiner in Roanoke who investigated the death and performed the autopsy of Harvey. Both parties acknowledge that Dr. Massello's testimony is important to this case, and defendants assert that counsel needs to be

present to for his deposition, particularly to authenticate various documents and other tangible materials. Plaintiff's counsel states that she cannot afford the cost of a deposition in North Dakota and that allowing defense counsel to attend the deposition in person will be unduly burdensome to her and will create an unfair advantage for defendants.

Following a conference call on September 21, 2007, the court asked counsel to confer with Dr. Massello and inquire as to whether he would be willing to come to this district for his deposition during October. On September 24, 2007, defendants filed a certification reporting that the parties had conferred with Dr. Massello by telephone and that he was unwilling to come to Roanoke for a deposition. Also during the September 21, 2007 teleconference, the court advised plaintiff's counsel that the assertion of financial hardship must be supported by an affidavit, which was provided on September 25, 2007.

## I.

Under Rules 26 and 30 of the Federal Rules of Civil Procedure, the "court has broad discretion to determine the appropriate location for a deposition and may attach conditions, such as the payment of expenses, as it finds appropriate." Armsey v. Medshares Mgmt. Serv., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998). Indeed, it is the court's obligation under Fed. R. Civ. P. 26(c) to make orders to protect a party from undue burden or expense when justice requires. As such, the court rejects defendants' assertion that it does not have the authority to structure the arrangements for a deposition, including arrangements for the manner and cost of taking a deposition, under the Federal Rules of Civil Procedure so as to promote fairness and do justice.

In a number of cases, district courts have structured the conduct of depositions to address one party's claimed financial hardship. For example, in Connell v. City of New York, 230

2

F. Supp. 2d 432, 436-37 (S.D.N.Y. 2002), the court ordered the taking of a deposition by video conference due to plaintiff's indigence. In a similar vein, the court in <u>Jahr v. IU International Corp.</u>, 109 F.R.D. 429, 430-33 (M.D.N.C. 1986), ordered the taking of a deposition of a California witness by telephone due to plaintiff's financial necessity. In <u>Cacciavillano v. Ruscelo, Inc.</u>, 1996 U.S. Dist. LEXIS 18968, at *3-4 (E.D. Pa. 1996), the court went a step further, ordering the party insistent on taking a deposition in person to pay the expenses of the other side to take a deposition in Arizona.

The cases relied upon by defendant do not support the broad assertion of lack of authority suggested by defendants. Rather, the facts of each case determined the outcome of the discovery dispute. For example, in <u>Cressler v. Neuenschwander</u>, 170 F.R.D. 20, 21-22 (D. Kan. 1996), plaintiff in a Kansas medical malpractice case sought to take the deposition of three doctors in Denver by telephone to reduce his financial burden. In that case, defendants asserted that it would be extremely difficult to identify, mark and utilize the witnesses' extensive medical records during a telephone deposition or to use medical articles and journals to cross-examine the witnesses. The court reasoned that "[t]he existence of voluminous documents which are central to a case may preclude a telephone deposition." <u>Id.</u> at 22. The court allowed plaintiff's counsel to appear by telephone while allowing defense counsel to appear in person. While the court noted that it had not located any authority which would "restrain the defendant from being present during these depositions," two of the cases cited above, namely <u>Connell</u> and <u>Cacciavillano</u>, were decided after <u>Cressler</u>.

The only other case cited by defendants, <u>The Daiei, Inc. v. Ball Corporation</u>, 198 F.R.D. 658 (S.D. Ind. 2001), is simply not on point. That case did not involve whether a party may be

3

prohibited from attending a deposition in person due to the financial circumstances of the other side, but rather concerned where certain depositions of employees of plaintiff corporation should be taken. The case was pending in Indiana, and plaintiff's employees worked in Japan. Plaintiff noticed the depositions for Hawaii, and defendant moved for a protective order to have them moved to Indiana. Considering the alternatives, the court found that given the nature of the dispute and the resources of the parties, defendant made an insufficient showing that the costs of conducting the depositions in Hawaii substantially outweighed the costs of transporting the witnesses to Indiana and denied the motion for protective order.

Thus, under Rule 26(c) the court is required to consider what justice requires so as to allow the deposition of Dr. Massello to take place in a timely manner without undue burden or expense.

## II.

Plaintiff contends that it cannot afford to take the deposition of Dr. Massello in person and has documented this assertion by affidavit. Given the importance of this deposition, plaintiff contends that both counsel have the ability to question Dr. Massello from the same place and on the same footing, suggesting an Internet video conference. Defendants respond that this is a significant case in which plaintiff's ad damnum seeks over $30 million; plaintiff's counsel has this matter on a contingency fee arrangement and has the ability to advance the cost of travel to Bismarck; and plaintiff has taken, and arranged for payment of the court reporter, for eleven depositions in this case to date. Further, defendants argue that the importance of this deposition requires that counsel be present to present documents and tangible things to the witness for

authentication and to ensure that a clear (non-streaming) video transcription of the deposition be available for use at trial.

Given the amount in controversy in this case, the acknowledged importance of the Massello testimony, the need asserted by defendants for Dr. Massello to authenticate documents and tangible things at his deposition and the discovery conducted to date, the court does not believe that taking one deposition out of state in a case of this magnitude constitutes undue burden or expense necessitating the issuance of a protective order precluding defense counsel from attending the deposition in person.

At the same time, plaintiff is not required to travel to Bismarck to take Dr. Massello's testimony. The court has available in chambers videoconferencing equipment which plaintiff may use as it sees fit which may substantially reduce its cost in taking this deposition. Further, the court has determined that the federal courthouse in Bismarck, North Dakota has videoconferencing equipment available there for use for this purpose. Thus, the witness, videographer, court reporter and defense counsel can be present in Bismarck, and plaintiff and her counsel, should they so choose, can be present in Roanoke and may participate fully via video conference. The court frequently conducts hearings via this video conference technology, and, under the parameters set forth below, believes it to be an excellent mechanism for the plaintiff to obtain the deposition of Dr. Massello without incurring the cost of physically traveling to Bismarck. This technology allows both parties to see and interact with the witness and is a far cry from a telephone deposition. Based on the court's experience in using this technology, and under the parameters set forth below concerning premarking of exhibits, the court does not

believe that either side will be disadvantaged by appearing by video conference rather than being physically present in the same city with the witness.

As the court is not going to preclude defendants from attending the Massello deposition in person, plaintiff's counsel must determine how they are going to participate. As a result, Dr. Massello's deposition may need to be continued from its noticed date of Friday, September 28, 2007, to allow plaintiff's counsel to make reasonable travel arrangements[1] or to arrange for a video conference through the use of the video conference equipment in the federal courthouses here and in Bismarck.

Further, given the importance of Dr. Massello's testimony, each side must, before traveling to North Dakota, produce in discovery all documents and tangible things involving Dr. Massello and relating to the death of Hezekiah Harvey (including any Roanoke City Police investigative interviews, transcripts or other documents) and must premark and provide to the other side in advance of the deposition any such documents and things which they intend to use in their deposition examination of Dr. Massello.

An appropriate Order will be entered this day.

Enter this 26th day of September, 2007.

_____
Michael F. Urbanski
United States Magistrate Judge

---

[1] In this regard, while the court is mindful that defense counsel has purchased a non-refundable airplane ticket, defendant will only incur a $100 rebooking fee should the deposition need to be continued.